**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4072**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NATHAN JAMEL CHAPMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:18-cr-00145-FL-1)

Submitted: August 25, 2020                    Decided: August 27, 2020

Before KING and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Antonino C. Monea, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathan Jamel Chapman appeals the 84-month sentence imposed by the district court following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924. Chapman argues that his within-Sentencing-Guidelines-range sentence is substantively unreasonable because it is greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a), in light of his traumatic childhood and the impact of a state probation revocation on his Sentencing Guidelines range. We affirm.

We typically review criminal sentences "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the § 3553(a) sentencing factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

Only after determining that the sentence is procedurally reasonable do we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Id.* at 51; *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted). Chapman bears the burden of rebutting that presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

2

At sentencing, the district court properly established a Guidelines range of 84 to 105 months' imprisonment. Chapman requested a sentence at the low end of that range, offering his traumatic childhood and desire to proactively address his mental health and substance abuse problems as mitigating factors. Because Chapman "failed to preserve his objection in the district court to that court's consideration of the [18 U.S.C.] § 3553[(a)] factors and explanation for the sentence imposed," we review the procedural reasonableness of his sentence for plain error. *United States v. Lynn*, 592 F.3d 572, 580 (4th Cir. 2010) (reviewing unpreserved procedural sentencing errors for plain error when counsel "merely pointed out" potentially mitigating factors and did not request a different sentence (alteration and internal quotation marks omitted)).

The district court acknowledged Chapman's arguments in mitigation and sentenced Chapman to 84 months' imprisonment—a sentence at the bottom of the Guidelines range, as Chapman had requested. Chapman has failed on appeal to rebut the presumption of reasonableness that we afford his within-Guidelines-range sentence. *Louthian*, 756 F.3d at 306. We therefore conclude that the 84-month sentence is procedurally and substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3